Case number 21-5111, Hemp Industries Association and Ray Botanicals Inc. at Balance v. Drug Enforcement Administration and Anne Milgram in her official capacity as Administrator of the United States Drug Enforcement Administration. Mr. Zorn for the at Balance, Ms. Carroll for the at Valence. Mr. Zorn, good morning and please proceed. Morning, may I please the court. My name is Matthew Zorn, I represent Hemp Industries Association and I'm arguing here on behalf of RE Botanicals. I'd actually like to take my points out of order and maybe address something in my case, but it overlaps with the prior case. And it's actually the case of controversy issue. I think the court had this concern about what it is is the difference between the statute and the rule. And I would like to very quickly address that. I think what's going on in the prior case and frankly why there's a case of controversy in my case is that the agency does not agree with the Ninth Circuit's opinion. When it says it's just following the statute, what it's really saying is it's following its interpretation of the statute, which is different from what the Ninth Circuit held in the first and second. The Ninth Circuit is a different case. I don't understand why we even have to consider it. Because you still have it. Do you wanna argue the last case now? No, I don't. But it's why there's a case of controversy here because there is this long running- I want, let's turn to your case for a moment. Okay. I would like to focus on your case at this point. What action by the agency causes you injury? There have been remarks by the agency that we cited in our complaint. Remarks? Yes, by an agency- What's the remark? There was a remark and I believe it was a month before the rule that came out where- You're deliberately not challenging the rule in your case. We are not. We are not. It is a declaratory judgment action. Wait a minute. Just let me finish. You're not challenging the rule. Then I'm asking you, what action did the government take that causes you injury? It's not an agency action case. Even a declaratory judgment, you have to have some injury. Okay, now what is the action the government has taken? The government has taken- You said there was a speech by an agency official. What speech are you referring to? Are you talking about the speech saying, we always enforce the law? That's the speech you're talking about? That is one of them. That's ridiculous. That's ridiculous. What does that have to do with your case? The government says they always enforce the law. Well, it was more than always enforce the law. And that's why I started with this. There's been this long running history between the hemp industry- I don't want to know about a long running history. I'm just a simple bald-headed old judge. Tell me where your injury is that causes you to seek declaratory judgment. If the DEA is asserting that it is regulating the interim, the intermediate hemp material- Now you're going back to the regulation. What action was taken against you? And it's not the regulation. What action was taken against you that gives you injury? The regulation is part of that. The speech by an agency official indicating they'll enforce the law. Anything else? Respectfully, the regulation is why there's an injury. However, it is not- Now you're back to challenging the regulation. We are not. Because the regulation is what gives rise to a case for controversy on the issue of whether intermediate and waste hemp material. That's not addressed in the rule. But the rule shows that this agency thinks it still has authority over the production of hemp. Are you saying the injury that you face and that allows you to go to district court and declaratory judgment is based on the government's position and the regulation? Yes. It's based on what they're doing in the regulation. Counsel, that's ridiculous. That means you challenge the regulation. It does not mean challenging. I don't know what you're talking about. Would you concede then there's nothing else that you're complaining about to seek a declaratory judgment other than the regulation? We are seeking a declaratory judgment that we are authorized or immune from the agency- Counsel, I'm asking for your injury. What is it that causes you? Forget APA. Under declaratory judgment law, you have to have something you can point to that indicates there's a controversy. The agency is saying that we need to register with the DEA to make hemp products because during that process- Where do they say that? They have said that, frankly, in the litigation itself. Which litigation? The one we're talking about now. That's what they've said. They said that. Said what? That we would have to go to the agency to register to make hemp products because- What's where you're pointing in your brief to the statement which gives rise to this injury? Because what, Your Honor, what they're saying is- No, no, no, no. The because is not an answer. Where is it you show in your brief the indication that there is an injury allowing you to get a declaratory judgment? The entire premise of intermediate and waste hemp material being a controlled substance means that if we make that, then unless there is an authorization or immunity to make that during the hemp production process- You want an advisory opinion, don't you? We don't want an advisory opinion, but how else are we supposed to? Otherwise, what they're saying is we need to go and register to the agency. And in the First Circuit case we cited, that court stated very clearly that we shouldn't have to go submit a registration to DEA to figure out- Who has told you what you have to do? The agency has said you have to register because this is a controlled substance. Register for what? For a Schedule I license, which is clearly not what Congress intended in this situation. And so we're stuck in a situation, respectfully, under- What statement? Show me what page in your brief where you indicate where your injury is traced to. Well, respectfully, standing hasn't been contested in our case. Yeah, well, I'm contesting it. Okay, well- Judges are obliged to look at standing on their own, right? And I don't see your standing. Well, I would say our standing is they're saying that intermediate and waste hemp material are controlled substances. We submitted a declaration in the court below- They are saying it where? That's what the rule is saying. It's saying- Now you're challenging the rule. Right, but the rule could be correct on this point. In other words, the rule could be correct that intermediate and waste hemp material are Schedule I controlled substances. But our claim is that even if those are controlled substances, we do not have to register with DEA because when Congress said that the USDA has the exclusive authority to regulate the production of hemp, those products are part of the production of hemp. And that was the claim that we brought below. And respectfully, the district court judge erroneously interpreted our claim to challenge the rule. What you're talking about, Your Honor, maybe that's even correct, but that is not the basis that the district court judge dismissed the case below. And that's what we're contesting now, which is we said we weren't challenging the rule and he said we were challenging the rule. In effect, you were. That's what I think Judge Silverman's questions are trying to get at. In other words, some prospective injury down the road is not enough at this point. Right, but we're being injured right now because we can't get, for instance, our banking. And this is in the declaration that we submitted below. I mean, this has banking implications. So we are suffering injury from this right now. What's the banking injury? You can't get a loan? Yeah, banks do not finance companies that work with controlled substances. All right. So it really does matter for us right now. And I'm already into my rebuttal time, so. I know, but one of the problems, obviously, in these two cases is counsel may have wonderful theories. Counsel may even have some substance to the theories, but that's not our role here. And we're not going to give an advisory opinion. The agency has, even in its rules, said it's simply implementing the FARM Act. Well, respectfully, it's not, but. Well, that's what it says, all right, in the interim rule. And at this point, that's stuck with it. And if you do get charged or your registration application is denied, then you may have a different case, but you just don't present it to us. We have nothing to grab a hold of. The problem with your question, Your Honor, is you're saying if our registration application is denied, what we're saying is we should not have to file a registration. I know that. Well, people say they don't owe taxes either. And, you know, Congress is very clear. Pay your taxes and then come in for a refund. In any event, I'm not suggesting the statutes are precisely analogous, but under Article III, our jurisdiction is limited. That's the problem. Nobody wants to face here. There have been two courts of appeals, Your Honor. There's been the Eighth Circuit and there's been the First Circuit presented with similar circumstances. I know, and we all know, that some circuits may not be as rigorous in enforcing Article III requirements as this circuit, based on our interpretation of Supreme Court requirements of what Article III requires. I mean, that's the reality we're facing, all right? And neither counsel seems to want to help us on that. You may win down the road, but it's too early for us to get there. Well, Your Honor, if this court comes to a different conclusion from those circuits, then obviously it's free to do so. But there've been two other courts that have weighed in in similar circumstances. No, no. I'm saying those circuits tend not to enforce Article III as rigorously on occasion as this circuit. That's a known fact among counsel who practice in this circuit. And to come and say to us, our standing is self-evident is not enough. We put in a declaration below. So there is evidence in this record that there is standing to- What does your declaration say specifically? It mentions the banking. It mentions that our clients- It says we tried to get a loan and we couldn't get it. Then you've got a challenge to the bank. Then you've got a case against the bank. The declaration also talks about how our members use and process these materials and that we don't want to go to DEA for registration and under MedImmune- Counsel, do you have... Let me try one more time. Do you have any specific action of DEA that you wish to rely on as an injury entitling you to a declaratory judgment? We do not have an enforcement action, but under the Supreme Court's precedent in MedImmune, I believe that that would be inconsistent for this court to hold, that we need to wait for the DEA to bring a criminal action against- Wait a minute, have they indicated that they would bring a criminal action? They have not indicated that, but again, I don't think we need to- Then you really want an advisory opinion long before there's a controversy. We would like a declaratory judgment consistent with the Supreme Court's decision in MedImmune. All right, thank you. All right, Ms. Carroll, good morning again. Good morning again. May it please the court, Sarah Carroll again. As I think the court was just noting, if plaintiffs here are not challenging the rule, they are challenging nothing in particular and are just seeking an advisory opinion about what the law means, and that plainly is off limits. We have contested both standing and ripeness, and they would not satisfy either one. But as I believe the discussion with Mr. Zorn highlighted, Judge Boasberg was also completely correct to recognize that what plaintiffs are trying to do here really is challenge the rule. If they're challenging anything at all, it is the rule, and that is clear from the complaint, the amended complaint, which is replete with claims that the rule represents an overreach by DEA. It's clear from the fact that they filed this suit just a few weeks, not a few, I shouldn't say a few weeks, several weeks, something like eight weeks after the rule was issued, sought to hold their petition for review of the rule in abeyance while they litigated this suit, told the district court that they might dismiss the petition for review if they won this suit. And Mr. Zorn today began his argument by talking about the rule, and I think conceded that, if I understand him correctly, that the rule is the basis for their standing in this case. They can't circumvent Section 877's exclusive review provision by trying to challenge the rule that he is relying on as the basis for injury through a declaratory judgment action or something like that. What do you think about his reference to the other circuit cases? The other circuit cases are different from this case. In the First Circuit case, New Hampshire-Hemp, Section 877 was not litigated, so that case simply didn't present the issue that is presented here. And in Months, in the Eighth Circuit case- What about standing in both those cases? In both cases, the plaintiffs were found to have standing. I believe in the First Circuit case, DEA had testified at a state legislature hearing and said definitively, this activity that the plaintiffs want to engage in is illegal. And the Eighth Circuit, I believe, I think in the First Circuit, there was also a published Federal Register ruling saying that- That's what I recall. Yes. That's what I recall. Right, and in the Eighth Circuit, there was something similarly definitive. Again, plaintiffs here could have raised this argument that they're trying to make here in their challenge to the rule, and we could have talked about whether they had standing in that context. But what they can't do is try to get around Section 877 by seeking a declaratory judgment in the district court on this claim about the rule's validity. Suppose you had said, your agency had said, that the practice that he's concerned about would be blatantly illegal, even once .3 is reached at some point in the process, it is marijuana, or the residual at the end of the process. If it's excessive .3, it's marijuana, and we're going to enforce it. Would he then have jurisdiction in the district court? I'm not sure that he would. I think if they had said that in the rule, of course, you would have to- No, no, no, I'm not talking about the rule. Putting the, pretending there was no rule. I think then you would probably get into- Or put aside the rule. If the government had squarely said, we're going to enforce, if there's at any point in the process, .3 more, an excessive .3 of TCH, THC appears, it's illegal as marijuana, or if the residual at the end of the process is more than .3, we're going to enforce. Would he have standing in the district court? I think it would be, I'm not sure exactly how it would come out, especially under this court, this circuit's case law, because this circuit has said in cases like Seeger's and Ord that you need some sort of individualized threat against the plaintiff. It's not enough if there is just a law- Yeah, you're right. Let's just, so if you had said, the hemp industries does this, they're in violation, is that sufficient? I don't, I'm reluctant to say definitively. That sounds more like what was at issue in cases like Seeger's and Ord, but certainly that is, that bears no resemblance to what we have here. And this case also is just very different because the statements that they're relying on are in a rule that is subject to the court of appeals exclusive jurisdiction. Well, they also make the, refer to the statement that you're going to enforce the law. Right, but I don't think anyone, they certainly don't cite any authority for the proposition that that would suffice under this court's case law or really any other courts. Any other court in the United States for that matter. No, no, I agree, I agree. So taking your point, even were the circuits to be as rigorous about article three as we are, there was a factual basis. Exactly. Yes, there certainly was. Nothing like that here. And counsel have yet to point to anything like that here. And that's our difficulty, it seems to me. Yes, I agree, Your Honor. Especially if we sort of take them at their word that the court should ignore the rule and put the rule aside, there is nothing at all like that here. Happy to answer any other questions that the court might have otherwise. Right, it doesn't look like there are. So thank you, Ms. Carroll. Thank you, Your Honor. Mr. Zorn, if you can respond to Ms. Carroll's argument, but please don't go back and forth with the ground we've already covered. I will not, Your Honor. And I actually just have one point to make. Okay. It's very simple. We've heard from the government that we're challenging the rule. We're challenging the rule. There's nowhere in this rule does it mention intermediate hemp material and waste hemp material. Our claim in this case is that Congress impliedly repealed that if what the government is saying now today that its rule reimpose those restrictions on IHM and WHM, my colleague's case is an easy case because they didn't do notice and comment and then it would be a legislative rule and then the rule should be thrown out. And that's why we didn't challenge IHM and WHM in the rule because it's not mentioned in the rule. But if they are saying now today that is what they're arguing to this court, that that's what the rule did and we should have challenged the rule, then this agency has promulgated a legislative rule without notice and comment and other procedural issues we've identified. And this agency should not be allowed to bypass notice and comment to create rules that have criminal implications. Our claim in this case is that Congress impliedly repealed and what they're saying is their rule went over the top and put that back in. And that's why we brought the claim in the district court. But if what they're saying today is that this rule does all the things it says it's doing, then this court should not stand idly by while the agency slips in a legislative rule under notice and comment. Thank you. All right. Thank you. Adam Kirk, if you'd give us an adjournment.
judges: Henderson, Rogers, Silberman